IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL PUBLIC RADIO, INC.**<br>1111 North Capitol Street, NE<br>Washington, DC 20002<br><br>and<br><br>**JUDE JOFFE-BLOCK**<br>c/o National Public Radio, Inc.<br>1111 North Capitol Street, NE<br>Washington, DC 20002<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue N.W.<br>Washington, DC 20201<br><br>Defendant. | ) | Case No: 1:26-cv-2462 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT**

Plaintiffs National Public Radio, Inc. and Jude Joffe-Block (collectively, "NPR"), by their undersigned attorneys, allege as follows:

**Background**

1. NPR brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to enjoin the U.S. Department of Justice ("DOJ"), through its component, the Civil Rights Division ("CRT" or the "Division"), from failing to respond to a FOIA request sent by NPR to DOJ on November 17, 2025 (the "Request"), and directing the offices to promptly

disclose any records responsive to the Request, which sought the resumes and cover letters of persons hired at CRT.

2. The mission of the DOJ is to uphold the rule of law, to keep the country safe, and to protect civil rights.[1] The DOJ is composed of more than 40 separate component organizations and more than 115,000 employees. The Civil Rights Division of the DOJ works to uphold the civil and constitutional rights of all persons in the United States, particularly some of the most vulnerable members of society. The Division enforces federal statutes prohibiting discrimination on the basis of race, color, sex, disability, religion, familial status, national origin, and citizenship status.[2]

3. There has been a significant turnover of attorneys in the Civil Rights Division since President Trump took office in 2025. Out of roughly 400 division attorneys, about 300 have left in the first eight months of Trump's presidency.[3]

4. Public reporting has revealed that various divisions within the DOJ have been struggling to retain and recruit qualified, experienced attorneys.[4] It has been reported that some divisions within the DOJ have changed the experience requirements for new hires[5], and are also offering significant signing bonuses.[6] The records requested by NPR will assist in the public's ongoing understanding of whether and how the government vets potential public servants

---

[1] Our Mission, DOJ website, https://www.justice.gov/about.
[2] Civil Rights Division, DOJ website, https://www.justice.gov/crt
[3] Suzanne Monyak and Ben Penn, "DOJ Fires and Reassigns Civil Rights Lawyers as New Hires Arrive", Bloomberg Law (Aug. 25, 2025), https://news.bloomberglaw.com/us-law-week/doj-fires-and-reassigns-civil-rights-lawyers-as-new-hires-arrive.
[4] "Justice Department struggles as thousands exit—and few are replaced", American Bar Ass'n (Nov. 19, 2025), https://www.americanbar.org/advocacy/governmental_legislative_work/publications/washingtonletter/november-25-wl/outside-the-gao-1125wl/.
[5] Ben Penn, "DOJ to Strat Hiring Prosecutors Directly Out of Law School", Bloomberg Law (Mar. 16, 2026), https://news.bloomberglaw.com/us-law-week/doj-to-allow-hiring-of-us-prosecutors-straight-out-of-law-school.
[6] Ben Penn, "DOJ Offers Lawyers $25,000 Signing Bonuses as Hiring Lags", Bloomberg Law (May 5, 2026), https://news.bloomberglaw.com/us-law-week/doj-offers-lawyers-25-000-signing-bonuses-as-recruitment-lags.

during transition times with high turnover. Release of the records is therefore of the highest public interest.

5. NPR brings this lawsuit to ensure that the agency comply with the FOIA obligations and to report on this indisputable issue of public importance.

## Jurisdiction and Venue

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a) and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

7. Plaintiff National Public Radio, Inc. is a non-profit multimedia organization that was founded on a mission to create a more informed public.[7] NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term. NPR reaches approximately 43 million people per week on broadcast radio, podcasts, NPR apps, NPR.org, and YouTube content. Approximately 99% of the U.S. population is within the broadcast listening area of one or more public radio stations. This network includes thousands of journalists at nearly 250 NPR Member stations across the country, in addition to the hundreds of journalists working at NPR.

8. Plaintiff Jude Joffe-Block is a resident of California, and a reporter for NPR. At NPR, her stories cover a range of topics, including voting, federal data collection efforts, and immigration enforcement.

[7] Who We Are, NPR website, https://www.npr.org/about/.

9. Defendant U.S. Department of Justice ("DOJ") is a Cabinet-level department of the Executive branch of the Federal government that was created to protect the civil and Constitutional rights of all Americans.

10. The Civil Rights Division ("CRT" or the "Division") is a division of DOJ. The Division is comprised of twelve sections, and its goals are supported by a cross-sectional working group. Each Section of the Division is headed by a Section Chief and several Deputy Chiefs and Special Legal or Litigation Counsels. The Division's leadership, Section Chiefs, attorneys, and administrative staff are based in Washington, D.C.

11. Upon information and belief, DOJ and CRT have possession and control of the records sought by the Request.

**Statutory and Regulatory Background**

12. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply and the agency identifies a foreseeable harm in the release of the information or the disclosure is prohibited by law.

13. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

14. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not

secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted). NPR plays a critical role informing citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

15. Through its FOIA Requests, NPR seeks to fulfill its journalistic function and to shine a public light on the hiring practices of CRT.

**The FOIA Request**

16. NPR sent its Request on November 17, 2025, and sought records regarding resumes and cover letters submitted by applicants who were hired for positions in CRT. Specifically, the Request sought: "Resumes and cover letters submitted by any applicant who was subsequently hired by the Civil Rights Division (CRT or Division) of the Department of Justice (DOJ or Department) for an employment position as any type of attorney, civil rights analyst, and/or investigator in this time frame." Attached as Exhibit A at p. 6 is a copy of the first Request.

17. DOJ acknowledged receipt of the Request on December 2, 2025, and assigned it tracking number 26-00072-F. Attached as Exhibit B is a copy of the December 2, 2025 email.

18. On February 18, 2026, CRT denied the Request, stating first, that disclosure of the records sought would constitute an invasion of personal privacy, citing 5 U.S.C. § 552(b)(6); and second, that records related solely to internal personnel rules and practices of an agency are exempt, citing 5 U.S.C. § 552(b)(2). See Exhibit A at p. 8.

19. NPR appealed the denial on May 18, 2026 (the "Appeal"). See Exhibit A at pp. 1-4.

20. With respect to section (b)(2), the Request does not seek private information, nor does it seek personnel notes or anything like work rules, discipline, compensation, or benefits. It only seeks the cover letters and resumes submitted by individuals seeking public employment, who were hired to serve in public service positions they voluntarily applied for. In no way does that circumvent CRT or DOJ regulations. The records sought show why those hired into a public role were selected, especially at a time when there has been increased interest in DOJ hiring processes.

21. With respect to section (b)(6), there is no "invasion of personal privacy." The DOJ's own guidelines make clear that "[c]ivilian federal employees who are not involved in law enforcement or sensitive occupations generally have no expectation of privacy regarding … the parts of their successful employment applications that show their qualifications for their positions." Dep't of Justice Guide to the Freedom of Information Act, Exemption 6 at 18 & n. 54 (Mar. 7, 2025); see also OPM Regulation, 5 CFR § 293.311 (2025) (explaining what information from employee personnel files is public). Even if there were a privacy interest in the application materials, it is outweighed by the substantial public interest in assessing the qualifications of those candidates.

22. DOJ was required to make a determination with respect to the Appeal by June 16, within twenty working days of the filing of the Appeal. 5 U.S.C. § 552(a)(6)(A)(ii). On June 23, 2026, after NPR requested the status of its pending Appeal, DOJ communicated that it would take "at least another 8 weeks to complete your appeal." Attached as Exhibit C is a copy of the June 23, 2026 email.

23. To date, no determination has been made, and none of the requested documents have been produced. NPR's Request has been constructively denied. Given the need to receive

the requested records on a timely basis, NPR is left with no choice but to bring this action to obtain access to these records.

## PLAINTIFFS' CLAIM FOR RELIEF

### COUNT I
### (Failure to Issue Determination on FOIA Request)

24. Plaintiffs repeat and re-allege paragraphs 1-23.

25. Plaintiffs properly submitted their FOIA Request for documents from DOJ—namely, resumes and cover letters submitted by applicants who were hired for positions in CRT.

26. Defendant failed to issue a determination regarding the FOIA Appeal within 20 working days as FOIA requires. 5 U.S.C. § 552(a)(6)(A)(ii).

27. As a result of the actions complained of herein, Plaintiffs' access to government records that they are entitled to review has been improperly delayed, in violation of the FOIA.

28. Accordingly, Plaintiffs are entitled to injunctive and declaratory relief with respect to the immediate issuance of a determination on and processing of the Request.

## Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Order Defendant to immediately and fully process Plaintiffs' Request of November 17, 2025 and disclose all documents immediately to Plaintiffs;

(2) Issue a declaration that Plaintiffs are entitled to immediate processing and disclosure of the requested records;

(3) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(4) Award Plaintiffs their costs and reasonable attorneys' fees in this action; and

(5) Grant such other relief as the Court may deem just and proper.

Dated: July 14, 2026

Respectfully submitted,

*/s/ Courtney DeThomas*

Courtney DeThomas (D.C. Bar. No. 888304075)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW; Suite 500 East
Washington, D.C. 20005-3317
202-973-4200
courtneydethomas@dwt.com

Thomas R. Burke (*pro hac vice application forthcoming*)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94104
415-276-6500
thomasburke@dwt.com

Grace Bulger (*pro hac vice application forthcoming*)
DAVIS WRIGHT TREMAINE LLP
560 S.W. 10th Avenue, Suite 700
Portland, OR 97205
503-241-2300
gracebulger@dwt.com

*Counsel for Plaintiffs*
NATIONAL PUBLIC RADIO, INC. and JUDE JOFFE-BLOCK