A UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL PUBLIC RADIO, INC., *et al.*

Plaintiffs,

v.

DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 26-2462 (ABJ)

**ANSWER**

Defendant, the Department of Justice, by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiffs, National Public Radio, Inc. and Jude Joffe-Block, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Any allegation in the Complaint, including the relief sought, is denied except when specifically admitted.

Defendant responds below to the separately numbered paragraphs and demand for relief contained in the Complaint. To the extent that any allegation is not explicitly admitted herein, it is denied. Moreover, to the extent that the Complaint or this Answer refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds as follows:

## <u>Background</u>[1]

1. This paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action under the FOIA.

2. To the extent this paragraph seeks to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3. To the extent this paragraph seeks to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4. To the extent this paragraph seeks to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

## **Jurisdiction and Venue**

6. This paragraph consists of Plaintiff's conclusions of law regarding jurisdiction and venue, to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of the FOIA and that venue lies in this judicial district for a proper claim under FOIA.

## **Parties**

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

9. This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the Department of Justice is a federal agency subject to the FOIA.

10. This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant admits the Civil Rights Division (CRT) is a component of DOJ.

11. This paragraph consists of Plaintiff's conclusions of law and speculative opinions to which no response is required.

**Statutory and Regulatory Background**

12. This paragraph consists of Plaintiff's conclusions of law and characterizations of the FOIA statute to which no response is required. To the extent a response is deemed required, Defendant avers the FOIA is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents.

13. This paragraph consists of Plaintiff's conclusions of law and characterizations of the FOIA statute to which no response is required. To the extent a response is deemed required, Defendant avers the FOIA is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents.

14. This paragraph consists of Plaintiff's conclusions of law and characterizations of case law to which no response is required. To the extent a response is deemed required, Defendant avers the cited cases are the best evidence of their contents and respectfully refers the Court to these documents for a complete and accurate statement of their contents.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

**The FOIA Request**

16. Defendant admits that Plaintiff submitted FOIA requests to its Civil Rights Division's FOIA Mailbox via email dated November 17, 2025. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best

evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

17. Defendant admits that on December 2, 2025[2], it assigned the request FOIA tracking number 26-00072-F and sent an acknowledgement letter to the Plaintiff. Defendant avers the letter is the best evidence of its contents and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

18. Defendant admits it sent a final determination letter, dated February 18, 2026, to the Plaintiff denying the request under 5 U.S.C. § 552 (b)(2) and (b)(6). Defendant avers the letter is the best evidence of its contents and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

19. Defendant admits Plaintiff appealed Defendant's final determination letter to its Office of Information Policy ("OIP") on May 18, 2026. Defendant avers the letter is the best evidence of its contents and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

20. This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant avers the request is the best evidence of its contents and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

21. This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant avers the FOIA and the cited

[2] This is, in part, due to an Intake backlog as a result of a 43-day government shutdown which ended on November 13, 2025.

portions of the C.F.R. are the best evidence of their contents and respectfully refers the Court to those documents for a complete and accurate statement of their content.

22. The first sentence in this paragraph consists of Plaintiff's conclusions of law and characterization of the FOIA statute to which no response is required. To the extent a response is deemed required, Defendant avers the FOIA is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its content. Regarding the second sentence in this paragraph, Defendant admits that OIP assigned Plaintiff's appeal tracking number A-2026-01463. In an email dated June 23, 2026, OIP notified Plaintiff that in addition to weighing the complexity of a request, a backlog of appeals would vary the response time. OIP anticipated "it will take at least another 8 weeks to complete your appeal."

23. Regarding the first sentence in this paragraph, Defendant avers that OIP anticipated response to Plaintiff was nullified by the filing of this litigation and Defendant admits it has not communicated with Plaintiff since its February 18, 2026, final response letter. The remainder of this paragraph consists of Plaintiff's conclusions of law to which no response is required.

**PLAINTIFFS' CLAIM FOR RELIEF**

**COUNT 1**

**(Failure to Issue Determination on FOIA Request)**

24. Defendant realleges and incorporates by reference all of the proceeding paragraphs of this Answer as though fully set forth herein.

25. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents.

26. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant avers that the FOIA is the best evidence of its determination of the timeline for response to appeals.

27. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant denies that it is in violation of FOIA or that Plaintiff is entitled to the records sought and further denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

28. This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## Requested Relief

The remainder of the Complaint, including paragraphs numbered 1-5, consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as to the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law. In further response to the Complaint, Defendant raises the following

defenses.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction to award relief that exceeds that authorized by the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

**THIRD DEFENSE**

The Department has not improperly withheld records requested by Plaintiff under the FOIA. 5 U.S.C. § 552.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Dated: August 17, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*